Hodges *vs.* Hall.

---

No. 16.—Joshua W. Hodges, plaintiff in error, *vs.* Armiger Hall, defendant.

[1.] An action of *Assumpsit* was brought by the *holder* against the *maker*, upon the following instrument—"I agree to take of Burr, Mizell & Co., a fifty-saw cotton gin, cast steel saws, fine teeth and improved brush, nine inch in the circle; the gin to be delivered at my house by the first of September next; the said Burr, Mizell & Co. warrant the gin to perform well in every respect, or they will make it do so at their own expense; for which I promise to pay Burr, Mizell & Co. or bearer, one hundred dollars, by 1st of January, 1847." Dated 2d January, 1846. (Signed,) "A. Hall." *Held*, that it was not a promisory note, and that failure of consideration might be pleaded to the suit.

Assumpsit.   Baker Superior Court, June Term, 1848.   Tried before Judge Warren.

The facts are set forth sufficiently in the opinion of the Court.

Lyon, for plaintiff in error, cited,

*Chitty on Contracts*, 569. 1 *Saund. Pl. & Ev.* 121. 1 *Chitty's Pl.* 352, 55. *Seers vs. Fowle*, 2 *Johns.* 272, 387. *Cunningham et al. vs. Worrell*, 10 *John.* 202. *Close vs. Miller*, 10 *John.* 90. *Ibid*, 216.

R. H. Clark, for defendant in error, cited,

*Chitty on Contracts*, 569. 1 *Saunders' Pl. & Ev.* 120, 1, 7. 8 *Term*, 373. 1 *Ib.* 373, 645. *Douglass*, 690. 6 *Term*, 711, 19. 3 *Wheeler*, 199 *to* 203. 2 *Smith Lead. Cases, (27 Law Lib.* 5.) 1 *Ld. Raymond*, 665. 2 *do.* 766. *Willes*, 498, 153. 2 *W. Black.* 1313. 3 *M. & S.* 308. 1 *Salk.* 171. 1 *Vent.* 147. *D. of St. Albans vs. Shore*, 1 *H. Bl.* 270. *Story on Prom. Notes*, 221.

*By the Court.*—Lumpkin, J. delivering opinion.

[1.] Joshua W. Hodges, as assignee, brought an action of *assumpsit* in the Superior Court of Baker county, against Armiger Hall, upon the following instrument : " I agree to take of Burr, Mizell, & Co. a fifty saw gin, cast steel saws, fine teeth and improved brush, nine inch in the circle, the gin to be delivered at my house by the 1st September next ; the said Burr, Mizell & Co. warrant the gin to perform well in every respect, or they will make it do so at their own expense—for which I promise to pay Burr, Mizell, & Co. or bearer, one hundred *dollars* by first of January, 1847—dated 2d January, 1846—signed A. Hall." To this action the defendant pleaded the general issue, and failure of consideration, by reason of the non-performance of the gin. He tendered testimony in support of the special defence, to the introduction of which the plaintiff objected, and being overruled by the Court, he excepted.

Could Hall set up this defence against the *holder* of this instrument ? I would remark, that it would have been more regular to have demurred to the plea. If the testimony went to support the plea, how could it be excluded ? But waiving this suggestion, let us examine the case, as presented in the argument.

All contracts are to be construed according to the understanding of the parties. And we must endeavor to gather from the entire instrument its true intent and meaning. Hall proposed purchasing a gin, for the forthcoming crop of 1846. It was to be delivered the 1st of September of that year. Its performance that winter would test its sufficiency, and the price, in case of success, was to be paid the 1st of January ensuing. It may well be doubted, whether the mere delivery of the gin, at the time stipulated, constituted the sole consideration of the contract; on the contrary, it may be inferred, that the undertaking that the work and materials were good, or if they were not, that they should be made so, entered into the consideration. But if it were not so, is this a promissory note, and as such, entitling the holder to notice? We think not. It is not a written engagement by one person, to pay another, *absolutely and unconditionally*, a certain sum of money, at a time specified. It is not denied but that the holder would be compelled to prove a delivery of the gin at the time and place designated. And inasmuch as the money is not payable *at all events*, the instrument is incomplete as a promissory note. We are not prepared to say that he would not be required to show also, that the gin worked well, or that upon complaint made, the offer had been made to make it do so.

But admitting this paper to be a promissory note, and clothed with all the attributes of such paper, is there not enough on its face to caution the public against receiving it? Notice need not be actual. If it be such as to put a vigilant person on the lookout, it is sufficient. And what would have been the inquiry of every prudent man, upon the presentation of this paper? Does the gin work well? The instrument carries upon its face caution enough. We are of the opinion, therefore, that the case is with the defendant, and consequently affirm the opinion of the Circuit Court.