PARIS *et al.* *vs.* MOE, administrator.

1. Where a negotiable promissory note, due sixty days after date, and indorsed by the payee in blank, is put in suit by a third person, the production of the note by the plaintiff at the trial is *prima facie* evidence that he acquired it for value before maturity, and without notice of any fact going to defeat its collection. As against him, payment made to the payee will not be a defense without showing that the payee had possession of the note at the time, or was then the owner of it, or for some other reason had a right to receive the money.

2. Generally, payment made to an agent who has parted with possession of the security to his principal, is no discharge.

3. Where two witnesses, testifying in behalf of the defendant, differ materially in their accounts of the manner and circumstances of a payment, and the discrepancy is unexplained, the jury may decline to credit them.

Negotiable instruments. Payment. Principal and agent. New trial. Evidence. Before Judge McCUTCHEN. Dade Superior Court. March Term, 1877.

Moe, as administrator of Nicklin, brought complaint on the following note:

"$300.00.      "CHATTANOOGA, July 30, 1867.

Sixty days after date we promise to pay to the order of A. F. Dunleavy, agent S. W. N., three hundred dollars, for value received, with interest from date.

"Signed:        P. W. HARRIS,

           THOMAS BLANCHARD.

           R. M. PARIS,

           R. H. TATUM."

Indorsed: "A. F. DUNLEAVY, Agent."

Only two of the makers, to-wit: Paris and Tatum, were served. They pleaded payment.

Plaintiff introduced the note sued on and the evidence of E. D. Graham, Esq., counselor at law, who testified that he received the note for collection, by mail, from the plaintiff's intestate.

Defendants introduced the following evidence:

Thomas Blanchard testified as follows: Paid Mr. Corry, one of the firm of Crutchfield, Dunleavy & Co., something over $300.00 in Chattanooga, sometime in the year 1867; made this payment with the understanding that it was to be credited on the note sued on; the money was paid in the presence of George Harris, Jr., in the house of Crutchfield, Dunleavy & Co., with the understanding that it was the full amount due on the note; witness was in a hurry, and left the matter with Harris.

George W. Harris, Jr., testified as follows: The money for which the note was given was borrowed by his father, George W. Harris. Sometime in the summer of 1867, witness paid to A. F. Dunleavy, agent of S. W. N., between $300.00 and $350.00; this payment was made for his father on the note; thinks it was all that was due thereon; paid

the money at Crutchfield's office, in Chattanooga ; is under the impression that the note was delivered to him and placed among his father's papers ; Dunleavy was acting as the agent of S. W. N.

The jury found for the plaintiff.    The defendant moved for a new trial because the verdict was without evidence to support it.

The motion was overruled, and the defendant excepted.

J. E. SHUMATE, by brief, for plaintiffs in error.

No appearance for defendant.

BLECKLEY, Judge.

1. The possession of the note by the plaintiff, and its production at the trial, the note being negotiable, and indorsed in blank by the payee, was *prima facie* evidence of ownership, and of purchase for value, before maturity, and without notice of any defense.    Payment made to the payee would be no discharge unless the payee had possession of the note at the time, or was then the owner of it, or, for some other reason, had a right to receive the money.    The burden of proving his right or authority must rest on the defendants.

2. The payee was an agent, and though payment may have been made to him, if it was done after he parted with possession of the note, and while the note was in the hands of his principal, there would, as a general rule, be no discharge. 54 *Ga.*, 52 ; 53 *Ib.*, 618.

3. The two witnesses who gave an account of the circumstances and manner of payment, were both introduced by the defendants, and they differed materially. Why they differed was wholly unexplained.    The jury could decline to credit either of them.

Judgment affirmed.