Davies *vs.* Byrne.

---

No. 44.—James W. Davies, cashier, &c. plaintiff in error, *vs.* Richard Byrne.

[1.] Where a bill of exchange is indorsed to A B, cashier of the Bank of Augusta: *Held,* that A B. may sue in his own name, or the bank may sue, and when the suit is brought by A B, cashier of the Bank of Augusta, it is a suit in the name of A B.

[2.] In an action by an indorser of a foreign bill of exchange against the drawer, it is necessary to aver notice of the dishonor of the bill, or that which the plaintiff relies upon as an excuse for not giving notice, also to aver a protest for non-payment, or an excuse for not protesting.

[3.] It is not necessary to present a foreign bill for acceptance, when it is payable at a time certain.

[4.] When A is indebted to B for so much money loaned by B to him, an action for money loaned and advanced, will not lie in favor of C against A, and a count setting forth these facts does not contain a cause of action.

[5.] When the holder of a bill of exchange, without showing his title thereto by indorsement from the person to whose order it was payable, relied upon a promise to pay it by the drawer, in a count containing these facts, and setting forth the bill and the promise: *Held,* that the promise is without consideration and void, there being no privity between the plaintiff and the defendant.

Assumpsit, in Newton Superior Court. Tried before Judge Stark, September Term, 1851.

This was an action of assumpsit, brought by the plaintiff in error, against the defendant in error, upon a bill of exchange, as follows :

"Covington, March 13th, 1849.

Thirty days after date pay to the order of C. D. Pace, agent of the Bank of Augusta, Ga. one thousand dollars, for value received, and charge the same to your obedient servant.

Richard Byrne.

Messrs. Robinson & Caldwell, Charleston, S. C."

The declaration contained three counts—the first founded on the bill of exchange itself. The action was brought in the name of "James W. Davies, Cashier of the President, Directors and Company of the Bank of Augusta," to whom the bill of exchange, before its maturity, had been indorsed, "as cashier of the Bank of Augusta," which was averred in the first count. The first count contained no averment of demand, protest, or notice of non-acceptance. The second count in the declaration was founded upon the consideration of the bill of exchange, and was brought in the name of James W. Davies, cashier, &c. It avers that the money was advanced by the Bank of Augusta." The third and last count in the declaration, continues in the name of "James W. Davies, cashier, &c." and is founded upon a special promise of the defendant. It avers that the bill was drawn, dishonored, and that afterwards the defendant promised to pay the plaintiff, &c. After hearing the evidence, which is not material so far as the judgment of this Court is concerned, counsel for the defendant moved for a non-suit, which motion was sustained by the Court, upon the ground "that from the plaintiff's declaration and proof, it is shown that plaintiff had no right of action, and that from the evidence, he was not entitled to recover under any count in the declaration.

Whereupon counsel for plaintiff excepted.

W. W. Clark, for plaintiff in error, presented the following brief of points and authorities :

D .vies vs. Byrne.

1st. Had plaintiff such interest in the bill as to bring suit thereon? *Rose vs. Loffan & Redmond*, 2 *Spear's R.* 424. *Story on Promissory Notes*, §127.

2d. If the term cashier be improper, should it not have been taken advantage of by plea in abatement? 14 *Common Law Rule*.

3d. If the declaration was defective, it was cause of demurrer, not non-suit.

4th. If defendant has sustained no damage, we are entitled to recover, though we gave no notice. 17 *Wendell R.* 94. 3 *Johns. Cases*, 259.

5th. Bills payable at a certain time, or at a certain number of days from date, need not be presented for acceptance. 1 *Peters' R.* 25. 2 *Peters' R.* 170. *Chitty on Bills*, 272, '73. *Prince's Digest*, 454, 462.

6th. Notice is unnecessary to charge the drawer of a bill of exchange, when he has withdrawn his funds. 4 *Mason's R.* 113. 1 *Wendell R.* 219. 21 *Wendell R.* 372. 7 *Harris & Johnson's R.* 381. *Chitty on Bills*, 449. *Baily on Bills*, 296.

7th. Want of notice and protest may be waived by the drawer, by subsequent promise. *Chitty on Bills*, 499, 500, 1, 2, 3, 660. *Smith's Mercantile Law*, 304.

8th. The Court cannot non-suit when there is evidence on which the Jury might have found. 2 *Bays R.* 126. 5 *Geo. R.* 171. *Chitty on Bills*, 501.

9th. We were entitled to recover, under the money count. *Chitty on Bills*, 577, '78. 3 *Johns. Cases*, 5.

JOHN FLOYD, for the defendant in error, relied upon the following points and authorities :

1st. That suit must be brought in the name of the party who has the legal interest, which must on the trial, be shown by evidence.

2d. That in order to charge a drawer of a foreign bill of exchange with liability, it must, if due at a certain day after date, be presented at its maturity for payment, and if not paid, it must

Davies *vs.* Byrne.

be protested, and notice given to the drawer. *Story on Bills*, §§323, '24, '25, '26, '28, 108, '18, '19, 227, '28, '73, 378, 369. 1 *Eng. Com. Law*, 626, *top page. Chitty, top page*, 197 *and note.*

3d. In order to render the drawer of a bill of exchange liable, the holder must present it for acceptance and payment, and give notice of refusal to the drawer. *Story on Bills*, §§311, '12, '67, '73, '75, '76, '77. *2 Johns. Cases*, 75.

4th. New promise must be conditional, or if conditional, the condition must be performed. *Story on Bills*, 373.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This action is founded on a bill of exchange, drawn by the defendant below, Byrne, upon Robinson & Caldwell, at Charleston, South Carolina, and payable to the order of C. D. Pace, agent of the Bank of Augusta, Ga. It is indorsed by C. D. Pace, agent, to the order of James W. Davies, cashier of Bank of Augusta, Ga. The declaration is in the name of James W. Davis, cashier of the president, directors and company of the Bank of Augusta. He who holds the legal title to the bill is entitled to sue. Judge *Story* says, that " in cases of indorsement to a cashier of a bank as cashier, as for example, to A B cashier, it is competent for the bank to maintain a suit thereon, as upon an indorsement to the corporation, or for the cashier to maintain a suit thereon in his own name." *Story on Prom. Notes*, §127. 16 *Pick.* 381. 2 *Scamm. R.* 309. *S. P.* 4 *Rand. R.* 350.

We recognize this rule upon authority so reliable. It is, however, I have no doubt, better in all such cases, for the corporation to bring the suit. We hold that in this case, the words *cashier of the president, directors and company of the Bank of Augusta*, are *descriptio personæ*, and that the action is in the name of James W. Davies. The indorsement was to him, cashier Bank of Augusta, Ga. According to the rule laid down by Judge *Story*, upon that indorsement, it was competent for him to sue in his own name. He is holder of the legal title for that

Davies *vs.* Byrne.

purpose.   It is in his own name, too, that he sues in all the counts in this declaration ; for the designation with which the count opens, is maintained throughout.   There are three counts, upon neither of which, in our judgment, is it possible for the plaintiff to recover.

[2.] The first count is on the bill itself against the drawer, and is fatally defective in this, that the plaintiff does not aver that the defendant had notice of the dishonor of the bill ; nor does he aver any excuse for not giving notice.   Notice of non-payment is generally indispensable to charge the drawer of a bill of exchange.   It is a condition precedent to his liability, and must be averred and proved.   And if there is anything in the case that the plaintiff relies upon, as dispensing with demand and notice, as that the drawer had no effects in the hands of the drawee, and is not damaged, that must be averred and proven on the trial.   *Bayl.* 185.   *Doug.* 679.   7 *East.* 231.   12 *East.* 171.   *Chitty on Bills,* 197 *to* 215.

[3.] This is a foreign bill, being drawn by a citizen of Georgia, upon a firm resident in the City of Charleston, S. C.   A protest for non-payment was, therefore, necessary, and an averment that it was protested, also necessary.   Being payable at a time certain, it was not necessary to present it for acceptance or to protest it for non-acceptance.   But it was indispensable that the plaintiff plead and show a protest for non-payment, or an excuse which would be good in law, why it was not protested. These are familiar rules of the law merchant, and I shall not dwell upon them.   2 *Term R.* 713.   5 *Ibid,* 239.   12 *East.* 171.   3 *B. and A.* 619.

It is doubted in some of the books whether an excuse for not giving notice may not be proven, under a general allegation of notice.   I believe it ought to be specially pleaded at Common Law, certainly under our Statute.   Here, however, there is no allegation of notice even.

[4.] It is a rule of pleading, that one count in a declaration cannot be aided by another.   Each count must contain within itself a sufficient cause of action.   In the second count in this declaration, the plaintiff, James W. Davies, suing in his own

name, seeks to recover for money loaned and advanced. He avers that the defendant is indebted to him such a sum, for so much money loaned and advanced to him, the defendant, by Columbus D. Pace, agent of the Bank of Augusta, at his request, and being so indebted, afterwards, to wit, &c. undertook and promised to pay him, the plaintiff, &c. This is the whole of the count. It contains no cause of action, but on the contrary shows affirmatively that the plaintiff cannot recover of the defendant. Broad as is the remedy by action on the case, it is unavailing here. There is no express undertaking by the defendant to pay the plaintiff anything, nor will the law raise an assumpsit from the facts stated, by the plaintiff showing the money was advanced to the defendant by the agent of the Bank of Augusta and not by the plaintiff. A loan of money by A to B, cannot create an indebtedness from B to C. So far as this count goes, the defendant owes the plaintiff nothing. He may owe the Bank of Augusta. That is a different affair. And because he does owe the Bank of Augusta, he does not owe James W. Davies.

[5.] Nor is it possible to sustain the plaintiff on the third count. The plaintiff, James W. Davies, relies in the third count on a promise by the defendant, Byrne, the drawer of the bill, to pay it. He avers that the defendant is indebted to him one thousand dollars by draft, of such a date, and payable thirty days after date, and in consideration of his indebtedness, and of the draft not being paid by the drawees, on the sixth day of June, 1849, "promised to pay the draft drawn by him, the said defendant, on Messrs. Robinson & Caldwell, Charleston, South Carolina, for one thousand dollars, dated Covington, Ga. March 13th, 1849 ; and in substance and legal effect as follows : thirty days after date pay to the order of C. D. Pace, agent of the Bank of Augusta, one thousand dollars, and charge the same to Richard Byrne— Messrs. Robinson & Caldwell, Charleston, S. C. Provided the said firm of Messrs. Robinson & Caldwell would settle with him, said defendant, fairly, or the said firm would convince him, defendant, that it is right that the defendant should pay the amount of this draft to the bank." He farther avers, that the

firm of Robinson & Caldwell have settled with the defendant fairly, and that said firm had convinced him, defendant, that it is right that he should pay the amount of the draft to the bank, and that the defendant, although so indebted, has not paid, although often thereunto requested, &c. The defect in this count is, that the plaintiff does not show any privity between himself and the defendant. He has failed to show that he is owner of the draft. He does not set forth the indorsement by Pace to himself. He shows the title to the bill to be still in the Bank of Augusta. Such being the case, he claims to recover upon a promise made by the drawer to him, to pay a bill belonging to another, to wit: the Bank of Augusta. From the pleading, it appears that Byrne, the drawer, may be liable to the payee (the Bank) upon it. The promise then upon which he relies, is a promise to pay to him the amount of a draft or bill which the promisor owes as drawer to a third person. It is true that he avers that the defendant is indebted to him $1000, due to him on a draft, and then sets forth the draft. But he does not show that the defendant was bound to him on the draft, and does show that the draft was payable to the order of the agent of the Bank of Augusta, who has never indorsed it to him. The bill is a good consideration to support a promise to pay its amount to the legal holder. And if the promise to pay it, be sufficient in law, about which I express no opinion, the Bank of Augusta can recover upon it. But this bill, the title to which is in another, and to which other the law presumes the money is due, is not a good consideration to support a promise to pay its amount to the plaintiff. If A be indebted to B by bill, and A promise to pay the amount of that bill to C, the promise is without consideration—it is a *nude pact*, and void. That is just the case made in this count.

Let the judgment below be affirmed.