TrippE, Judge.
It was held by this Court in Robinson vs. Vason et al., 37 *124 Georgia, 66, that “Fraud in the procurement of a note, as specified in the Revised Code, means fraud in the procurement by the holder thereof.” There may be an innocent holder of a note which was procured by the payee from the maker by fraud, as well as in other cases. Such a holder may transfer the note after dishonor, and his transferree’s title will be as good as his own. In this ease the note was transferred twice, first to Hanson and afterwards by Hanson to Hogan, the plaintiff. If Hanson obtained the note before maturity for a valuable ^consideration, and without notice of any equity against it, his title was good, and so was the party to whom he assigned, no matter when that transfer was made. The Court in the charge told the jury, that if the plaintiff came in possession of the note after maturity, and it was obtained from the maker by duress, they should find for the defendant. This charge ignored the fact that the note had been in the hands of another holder than the payee before the plaintiff traded for it, and thus excluded him from any benefit he might derive as'the holder under Hanson. From the record it appears that the plaintiff did obtain the note after it was due. It does not appear when Hanson became the owner of it. That was a material fact, and unless the contrary appears, Hanson will be presumed to have had it before maturity, thus protecting Hogan.
Judgment reversed.