## PATE *v.* ALLISON *et al.*

1. To an action on a promissory note payable to a named person or bearer, brought by one other than the payee, a plea that the defendant was coerced and induced to execute the note by reason of threats made to him by the payee thereof, is demurrable, in the absence of an allegation therein that the plaintiff took the note after its maturity or had notice of such threats when he took it.
2. When such a plea of duress is demurred to as not setting up a valid defense against the plaintiff, a separate paragraph in the defendant's answer, merely denying an allegation in the petition that plaintiff is the bona fide holder of the note sued on and that he took it before maturity, can not be invoked in aid of the plea of duress.

| 114 | 651 |
| 122 | 670 |
| 114 | 651 |
| 125 | 42 |
| 114 | 651 |
| f128 | 506 |

　　　　　Argued January 9, — Decided February 5, 1902.

Complaint. Before Judge Roberts. Irwin superior court. June 4, 1901.

*L. Kennedy* and *J. H. Martin,* for plaintiff.
*Eldridge Cutts* and *Hal Lawson,* for defendants.

FISH, J.　McC. Pate brought suit, upon a promissory note, against J. R. Allison and H. B. Moore, late partners as J. R. Allison & Co., and J. H. Allison. The note, which was joint and several, was payable to Adams, McMurray & Co., or bearer, and was signed, " J. R. Allison & Co.," and " J. H. Allison," and indorsed, " Adams, McMurray & Co." The third paragraph of plaintiff's petition alleged " that said promissory note was, before its maturity, and for value

received, assigned and transferred to petitioner by said Adams, Mc-Murray & Co. by their written indorsement, and was at the same time delivered by said Adams, McMurray & Co. to petitioner, and . . petitioner is now the bona fide holder and owner of said note." Moore was not served, and J. R. Allison filed no defense. The first paragraph of J. H. Allison's answer was : "This defendant denies paragraphs 1, 2, and 3 of plaintiff's declaration." In the 5th paragraph of his answer he alleged, in substance, that he was coerced and induced to execute the note sued on, by reason of threats made by Adams, McMurray & Co. to have an attachment, which they had sued out against J. R. Allison & Co., levied upon certain personalty of his, under detailed circumstances, which would likely result in great injury to him; that he was not a member of the firm of J. R. Allison & Co., and was not in any way connected with the debt which they owed to Adams, McMurray & Co. and upon which the attachment had been issued. Plaintiff demurred to this paragraph of the defendant's answer, "because the allegations in said paragraph 5 do not show that defendant, J. H. Allison, signed the note sued upon by reason of any fraud or duress on the part of plaintiff, and said allegations do not set up any valid defense to plaintiff's action." The court overruled the demurrer, and to this ruling the plaintiff filed exceptions pendente lite. The case proceeded to trial on the plea of duress alone, and there was a verdict for defendant. Plaintiff made a motion for a new trial, which motion being overruled, he excepted to the judgment refusing a new trial and also the overruling of the demurrer.

1. In our opinion, the court erred in not sustaining the demurrer to the defendant's plea of duress; and as the only defense submitted was that set up in this plea, it is unnecessary for us to pass upon any of the grounds of the motion for a new trial. Since the demurrer should have been sustained, the subsequent trial upon the plea, which should have been stricken, was nugatory. As has been seen, the plea alleged that the threats which induced the defendant to sign the note were made, not by the plaintiff, Pate, but by the original payees of the note, Adams, McMurray & Co. It was, therefore, necessary for the plea to set up that Pate, the holder of the note, took it after its maturity, or that when he took it he had notice of the duress which coerced the defendant to execute it. It was held in *Roberson* v. *Vason*, 37 *Ga.* 66, that "Fraud in the pro-

curement of a note, as specified in the Revised Code [now in section 3694] means fraud in the procurement *by the holder thereof*. An innocent holder of a note for value before due will be protected, although the note may have been fraudulently procured by the payee from the maker, of which the holder had no notice." This ruling has been followed in several cases.   See *Hogan* v. *Moore*, 48 *Ga.* 156, where the defense against the note was that the payee procured it by duress or threats amounting to fraud; *Murray* v. *Jones*, 50 *Ga.* 109 (2); *Bealle* v. *Southern Bank of Georgia*, 57 *Ga.* 274; *Grooms* v. *Olliff*, 93 *Ga.* 789; *Taylor* v. *Cribb*, 94 *Ga.* 100; *Walters* v. *Palmer*, 110 *Ga.* 776.

2. The fact that the defendant, in another paragraph of his answer, made a general denial of the third paragraph of the plaintiff's petition, wherein it was alleged that Adams, McMurray & Co. transferred the note sued on to the plaintiff before its maturity and that the plaintiff is the bona fide holder and owner thereof, can not be taken in aid of his plea of duress.   That denial was made simply to comply with our rule of practice requiring the defendant to either admit or deny each paragraph of the plaintiff's petition.   Such denial set up no affirmative defense.   The allegations of the plaintiff's petition which it denied were mere surplusage, and plaintiff would have been entitled to recover, upon the introduction in evidence of the note sued on (which was payable to Adams, McMurray & Co., or bearer), in the absence of any valid defense, notwithstanding the defendant's denial of the truth of these allegations.   It is a well-recognized rule of pleading that, " When several pleas are filed, each must contain a complete defense.   Each is separate and distinct in itself, except when one is connected with the other by words of reference, and one can not be taken advantage of to help or vitiate another."   16 Enc. Pl. & Pr. 561.   In reference to this rule, Bliss, in his work on Code Pleading (3d ed. § 346, p. 503), says : " This requirement to state each defense separately is substantial as well as formal, and involves the obligation to embody in each statement every fact which is necessary to constitute the defense.   The rule has been stated in the Supreme Court of New York, as follows : ' By the well-settled rules of pleading, each answer must of itself be a complete answer to the whole complaint, as perfectly as if it stood alone.   Unless in terms it adopts or refers to matter contained in some other answer, it must be tested, as a pleading, alone by the

matter itself contains.'"    The case cited from the Supreme Court of New York is Baldwin *v.* U. S. Tel. Co., 54 Barb. 517.    After stating the rulings made in Knarr *v.* Conaway, 42 Ind. 260, and Potter *v.* Earnest, 45 Ind. 416, the author says:    "According to the Indiana authorities just cited, the qualification given as above in Baldwin *v.* U. S. Tel. Co., which allowed the pleader to refer for particulars to a former statement, was not called for in the case, and should not be regarded; if any fact before stated is material to the additional defense, it should be again stated as though wholly new; for, if that part of the answer containing the matter thus referred to should be stricken out, the reference would be without an object."

In Martin *v.* Bartow Iron Works, decided by Judge Erskine, in the United States District Court of the Northern District of Georgia, and reported in 35 *Ga.* 320, it was held: "Where several pleas in bar are pleaded, each must stand upon its own merits, and the construction of one will not be aided by reference to another." See also *Davies* v. *Byrne,* 10 *Ga.* 333 (4).    The paragraph of the defendant's answer setting up duress in no way referred to the other paragraph containing a general denial of the third paragraph of the plaintiff's petition, and even if it had contained such a reference, it seems that it might have been subject to a special demurrer, as it was held in *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894, that, "Since the pleading act of 1893, each count must contain a complete cause of action in distinct and orderly paragraphs numbered consecutively; and it is not permissible to make paragraphs of one count a part of another count by mere reference to the same."    It is, however, unnecessary for us to decide whether the defendant's plea of duress would have been sufficient to withstand the demurrer thereto, if it had been connected by words of reference to the paragraph of his answer containing a general denial of the allegations of the third paragraph of the plaintiff's petition; as it contained no such reference.    If one separate and distinct plea could be aided by simply looking to the allegations in another, we see no reason why it could not be vitiated by the same process, and this surely is not permissible, since a defendant may set up as many contradictory pleas as he sees fit.    Under the view which we have taken of this case, we have not, of course, taken into consideration the question whether the allegations of the plea were sufficient to

show that the defendant was acting under duress when he signed the note ; for whatever we might say upon that question would be purely obiter.

*Judgment reversed.    All the Justices concurring.*