### JOHNSON COUNTY SAVINGS BANK v. ROBERTS & McCLURE.

125　41
Case 2
f128　506

The verdict being without evidence to support it, the court erred in not granting a new trial.

Argued January 19,—Decided March 22, 1906.

Complaint. Before Judge Gober. Cherokee superior court. May 22, 1905.

The Johnson County Savings Bank sued Roberts & McClure on a promissory note made by the defendants, dated December 3, 1901, due twelve months after date, payable to the order of the Equitable Manufacturing Company, and indorsed by that company to the plaintiff. The defendants pleaded failure of consideration, and that the plaintiff was not an innocent holder of the note, but purchased the same, if purchased by the plaintiff at all, after its maturity. On the trial the defendants admitted the execution of the note and the plaintiff's ownership thereof. Both the defendants testified that the note was given for a lot of jewelry which turned out to be absolutely worthless. The only evidence as to when and how the plaintiff acquired title to the note was the testimony of W. A. Fry, who swore, that the plaintiff purchased it outright, before maturity, March 18, 1902, giving full face value for it, less seven per cent. discount; that "the Johnson County Savings Bank had no knowledge of any failure of consideration, or other defense on this note at the time of the purchase, nor did they know anything relative to the transaction for which the notes were given in payment." He further testified, that he was cashier of the plaintiff bank and purchased the note for the bank, and was at that time treasurer and cashier of the Equitable Manufacturing Company. There was a verdict for the defendants. The plaintiff's motion for a new trial being overruled, it excepted.

*J. S. Du Pre* and *Dodd & Dodd,* for plaintiff.

*G. I. Teasley* and *D. W. Blair,* for defendant.

FISH, C. J. (After stating the facts.) A bona fide holder of a negotiable promissory note, receiving the same before due, for value, is protected against a plea of failure of consideration. "The holder" of a negotiable promissory note "is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants are let in to all their defenses; such presumption is negatived by proof of any fraud in the procurement of the note." Civil Code, §3696. "Fraud in the procurement of the note" means fraud in its procurement by the holder thereof, and has no reference to fraud in the contract out of which the note arises. *Pate* v. *Allison,* 114 *Ga.* 651, and cit. The defendants in the present case admitted they executed the note sued on, and that the plaintiff was

the owner thereof. Not only was there a presumption that the plaintiff was the bona fide holder and for value, but there was positive and uncontroverted evidence that the plaintiff purchased the note for value, before maturity, and without notice of the transaction in which the note was given, or of any failure of its consideration, or of any other defense to it. The mere fact that the cashier of the plaintiff bank was, at the time he discounted the note for the benefit of the bank, treasurer and cashier of the Equitable Manufacturing Company, the payee of the note, was not of itself sufficient to impute notice to the bank of the failure of consideration of the note. Even assuming that such cashier, by reason of the relation he held toward the bank, should have known what its consideration was, there was no evidence that the consideration had failed when he discounted the paper as cashier of the bank; and if there had been, there was no evidence that he had notice of the fact. Nor was there any evidence that the bank had fraudulently procured the note. We are quite clear, therefore, that the verdict was without evidence to support it and that a new trial should have been granted. *Judgment reversed. All the Justices concur.*