*C. E. Roop, solicitor,* contra.

___

6644.  CITIZENS BANKING COMPANY *v.* TOOTLE.

BROYLES, J.  1.  A bona fide holder of a negotiable promissory note, receiving it before due, for value, is protected against the plea of failure of consideration. *Johnson County Bank* v. *Roberts,* 125 *Ga.* 42 (53 S. E. 808).  The holder of a negotiable note is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants will be let into all of their defenses; such presumption is negatived by proof of any fraud in the procurement of the note. Civil Code, § 4288.  "Fraud in the procurement of the note" must be fraud in its procurement by the holder thereof, and has no reference to fraud in the contract out of which the note arises. *Pate* v. *Allison,* 114 *Ga.* 651 (40 S. E. 715); *Johnson County Bank* v. *Roberts,* supra.

2.  In a suit against the maker of a note by the bona fide holder thereof, who has received it for value, before maturity, when he testified that he notified the holder not to trade for the note, by merely writing and mailing a letter addressed to the holder, the presumption that the holder received the letter was completely rebutted by the uncontradicted testimony that the holder of the note did not receive this letter. *Parker* v. *Southern Ruralist Co.,* 15 *Ga. App.* 334 (83 S. E. 158).

3.  The defendant admitted the execution of the note sued on, and that the plaintiff was the holder thereof, but denied that he was a bona fide holder, for value, before maturity thereof. The defendant not only failed to successfully carry this burden of proof, but the undisputed testimony showed that the plaintiff was a bona fide holder for value before maturity of the note. Hence the verdict in favor of the defendant was contrary to law, and the court erred in overruling the motion for a new trial.

4.  It is unnecessary to consider the assignments of error upon the admission of evidence, and upon the charge of the court, as the foregoing rulings will finally dispose of the case.          *Judgment reversed.*

DECIDED FEBRUARY 17, 1916.  REHEARING DENIED FEBRUARY 28, 1916.

Complaint; from city court of Reidsville—Judge Collins.  May 3, 1915.

*H. H. Elders, D. M. Parker, W. W. Bennett,* for plaintiff.

*C. L. Cowart, Hines & Jordan,* for defendant.