6573.   HOPE *et al. v.* HEDGEROSE HEIGHTS COMPANY.

WADE, C. J.   1. Under the ruling by the Supreme Court in this case, a judge of the municipal court of Atlanta, Fulton section, has authority to direct a verdict demanded by the pleadings and the evidence in the case. *Hope* v. *Hedgerose Heights Co.,* 146 *Ga.* 73 (90 S. E. 530).

2. No question as to the admissibility of evidence is presented by grounds in the motion for a new trial which fail to set out literally or in substance the evidence to which they relate, or which fail to give the expected answers to questions which the court refused to allow, or to state what grounds of objection to testimony admitted were urged at the trial. *Stewart* v. *Bank of Social Circle,* 100 *Ga.* 496 (28 S. E. 249); *Benton* v. *Baxley,* 90 *Ga.* 296 (15 S. E. 820); *Tolbert* v. *State,* 16 *Ga. App.* 311 (85 S. E. 267); *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (1, 5) (85 S. E. 361); *Cooner* v. *State,* 16 *Ga. App.* 539 (85 S. E. 688); *Howard* v. *Macon Railway & Light Co.,* 17 *Ga. App.* 55 (3) (86 S. E. 256); *Roddenberry Hardware Co.* v. *Merritt,* 17 *Ga. App.* 425 (87 S. E. 681); *Carlisle* v. *Ragan-Malone Co.,* 17 *Ga. App.* 435 (87 S. E. 608).

3. A strict application of the statutory rule requiring the brief of evidence accompanying a motion for a new trial to be a condensed and succinct brief of the material parts of the oral testimony and of interrogatories read on the trial (Civil Code of 1910, § 6093) would perhaps require a holding that there was no legal brief of the evidence in this case; but, waiving this question, there was no testimony which tended to rebut the presumption created by law in behalf of the holder of a negotiable instrument; and consequently the court did not err in directing a verdict for the plaintiff, by whom the notes sued upon were apparently obtained from the original payee before maturity and for value, without notice of any defect or defense.

4. The court properly excluded testimony offered to show that the words of negotiability in the notes were placed there through mistake on the part of the makers or by fraud on the part of the original payee, since there was no testimony tending to show knowledge thereof or fraud on the part of the holder, in whose name the suit was brought. Fraud in the procurement of a note must be fraud on the part of the holder, in order to avail as a legal defense. *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 180 (86 S. E. 434); *Citizens Banking Co.* v. *Tootle,* 17 *Ga. App.* 692 (87 S. E. 1098); *Pate* v. *Allison,* 114 *Ga.* 651 (40 S. E. 715).

5. The appellate division of the municipal court of Atlanta did not err in overruling the motion for a new trial.        *Judgment affirmed.*

Decided November 22, 1916.

Complaint; from municipal court of Atlanta. April 19, 1915.

*Paul L. Lindsay,* for plaintiff in error.

*T. A. Perry Jr., L. Z. Rosser, A. C. Brown, W. A. Fuller, George L. Bell Jr., C. J. Simmons,* contra.