## 9683. BURGESS *v.* TORRENCE.

JENKINS, J. B. W. Torrence brought. suit against Mattie L. Burgess, a married woman, on a promissory note signed by her and given under her written rent contract with the plaintiff. The defendant admitted signing the note sued on, but filed a defense setting up: (1) that she was not indebted to the plaintiff, and received no consideration or benefit from the signing of the note sued on; that the note was given for the rent of a farm rented by the plaintiff to her husband, Gillam

Burgess; that she was forced by the plaintiff, acting through her husband, to sign the note; that her husband "threatened her until she was by fear forced to sign the said note; that she would not have signed the same had it not been for such threats and such other frauds and menaces heaped upon her by the plaintiff, B. W. Torrence, through her ignorant and unlearned husband;" and (2) "that it is not her debt or obligation; that she is not responsible to the plaintiff in any sum whatever; that she is now, and was at the time of signing the note, a married woman, and she wishes to take advantage of the statute making her exempt from the payment of her husband's debts in such cases; that the note was secured through fraud, force, and threats and fears." Upon the trial of the case the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled, and she excepted. *Held:*

1. "Fraud voids all contracts" (Civil Code of 1910, § 4254), and the free assent of the parties being essential to a valid contract, duress, either by threats or other arts, by which the free will of the party is restrained and his consent induced, will void the contract. Civil Code (1910), § 4255. But in order for a married woman to defeat a recovery by the payee on a promissory note made by her, upon the ground that her signature thereto was procured by the fraud and duress of her husband, she must not only show that such was the fact, but must also show that the payee of the note was either a party to such fraud and duress, or that he had knowledge thereof. *Pate* v. *Allison,* 114 *Ga.* 651 (40 S. E. 715); *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (3) (50 S. E. 488); *Bateman* v. *Cherokee Fertilizer Co.,* 21 *Ga. App.* 158 (93 S. E. 1021). The court therefore did not err in charging the jury as complained of in the first ground of the amendment to the motion for a new trial.

2. While under our law a married woman can not assume the debts of her husband (Civil Code of 1910, § 3007), still the issue as made by the evidence in this case was not one in which this principle was involved. Even if it should appear that the plaintiff in the first instance rented the land to the husband, and subsequently entered into a new and different agreement with the wife, whereby she was to take over the land and become the tenant instead of the husband, such a procedure could not properly be called an assumption by the wife of the husband's obligation, but would be an original undertaking on her part; and unless it be shown that the new contract was brought about by fraud or duress practiced upon the wife by the plaintiff, or by another with his knowledge, there would be nothing to render such an agreement on her part invalid. The consideration going to the wife in such a case is not the incidental extinguishment of the prior promise of the husband, but the taking over by her of the land itself under the rent agreement. *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (5) (96 S. E. 9), and cases there cited. That the negotiations leading up to the signing of the rent notes by the wife were had through the husband would not change the rule. *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232).

3. The verdict was authorized by the evidence, and the charge of the court is not subject to the exceptions taken.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 14, 1919.

Complaint; from city court of Nashville—Judge Christian. April 9, 1918.

*R. A. Hendricks, William Story,* for plaintiff in error.

*W. R. Smith,* contra.