19707.   LUKE *v.* ASHBURN BANK.

DECIDED JANUARY 25, 1930.

*Perry & Tipton,* for plaintiffs in error.
*J. A. Comer, Edwin A. Rogers,* contra.

BELL, J. Ashburn Bank brought suit upon a promissory note against Mr. and Mrs. D. E. Luke, husband and wife, as apparent principals, E. Y. Poulk, as indorser, and Ben Cravey and another as accommodation indorsers or sureties. The note was payable to E. Y. Poulk, who indorsed it to Planters Bank of Sycamore. This bank subsequently failed and went into the hands of the superintendent of banks, who indorsed the note to other persons, who in turn indorsed it to the Ashburn Bank, the plaintiff.

None of the defendants filed defenses except Mrs. Luke and Ben Cravey. After verdict for the plaintiff, these defendants filed separate motions for a new trial, which the court overruled, and each sued out a bill of exceptions to this court. This opinion concerns only the case of Mrs. Luke, who will be referred to as the defendant.

The defendant pleaded that as to her the note was, to the knowledge of the plaintiff and all prior holders, given for the debt of her husband, and for no other consideration, and that for this reason she was not bound. It is insisted that this defense was conclusively established by the evidence, and therefore that the court should have granted a new trial under the general grounds. We can not sustain this contention. Several witnesses, including the defendant herself, testified in support of the plea, and from their evidence the jury could have found that the note was in fact given for the consideration stated. However, the original payee testified positively that the consideration was a loan of money made by himself to the defendant, as evidenced by a check which he gave to her, and with which she paid a prior note due at the Planters Bank, which note, the witness further testified, represented a debt of the wife and not of the husband, the witness claiming to have knowledge of the original transaction. The evidence being thus in conflict, the determination of the issue was a matter for the jury, whose finding this court has no authority to disturb under the general grounds of the motion for a new trial. *McLendon* v. *Reynolds Grocery Co.*, 160 *Ga.* 763 (6) (129 S. E. 65).

Moreover, the jury could have found that the Planters Bank acquired the note innocently and was a holder in due course. If this was the truth of the transaction, the defendant would not be let in to the defense which she undertook to assert. This brings us to a consideration of one of the exceptions to the charge of the court.

In the motion for a new trial complaint is made that the court

erred in giving in charge to the jury the provisions of section 4286 of the Civil Code of 1910, to the effect that a bona fide holder for value of a promissory note or other negotiable instrument, who receives it before it is due and without notice of any defect or defense, shall be protected from any defenses except non est factum, gambling, or immoral and illegal consideration, and fraud in its procurement,—the sole exception being that this instruction was not authorized by the evidence.

The original payee testified that he indorsed the note to the Planters Bank for value and before it was due, and he gave no evidence which would have demanded the inference that the bank acquired the note with notice of the alleged defense, if it in fact existed. The Planters Bank thus was presumably an innocent holder in due course. *Loyd* v. *Pollitt,* 144 *Ga.* 91 (86 S. E. 233). "While a wife can not legally assume a debt of her husband, yet where she has given a negotiable note for his debt, and it has been transferred to a bona fide purchaser for value before due and without notice, it is valid and binds her." *Perkins* v. *Rowland,* 69 *Ga.* 661 (2). "A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration." *Sappington* v. *Bell,* 115 *Ga.* 856 (42 S. E. 233). While there was evidence from several of the defendant's witnesses to the effect that the cashier of the bank to which the note was first negotiated had full knowledge of the alleged fact that the note was given by the defendant wife for the debt of her husband, and these witnesses may not have been directly contradicted upon the immediate point, yet the evidence of each was disputed upon other relevant and material issues, and in such a case the credibility of the witnesses as to any fact testified to is a matter for determination by the jury.

Upon application of the above principles, the jury could have found that the note was in fact executed by the defendant in the assumption of a debt of her husband, and yet have concluded that the bank to which the payee indorsed it was an innocent holder, the defendant having the burden upon this issue. See, in this connection, Civil Code (1910), §§ 5883, 5884; Ga. L. 1924, pp. 126, 138, art. iv., § 59; Park's Code Supp. 1926, § 4272(9);

Michie's Code (1926), § 4294(59); *Johnson County Bank* v. *Roberts*, 125 *Ga.* 41 (53 S. E. 808); *Glenn* v. *Augusta Ry. &c. Co.*, 121 *Ga.* 80 (48 S. E. 684); *Whiddon* v. *Hall*, 155 *Ga.* 570, 578 (118 S. E. 347); *Payne* v. *Reese*, 28 *Ga. App.* 180 (110 S. E. 740); *Redd* v. *Lathem*, 32 *Ga. App.* 214 (123 S. E. 175).

Even though the plaintiff may have taken the note after maturity, it nevertheless succeeded to all the rights of prior holders, and was entitled to assert and rely upon the fact that a prior indorsee, namely The Planters Bank, was an innocent holder. Civil Code (1910), § 4535; Ga. L. 1924, pp. 126, 138, art. iv., § 58; Park's Code Supp. 1926, § 4272(8); Michie's Code of 1926, § 4294(58); *Burch* v. *Pope*, 114 *Ga.* 334 (40 S. E. 227); *Branch* v. *Dublin & Laurens Bank*, 21 *Ga. App.* 439 (94 S. E. 629).

Thus, regardless of the time when the plaintiff may have acquired the note, since under one theory of the evidence the jury could have found that the note was in fact given for the consideration alleged, but that The Planters Bank, in acquiring the note from the original payee, received it innocently and under such circumstances as to be protected under the provisions of section 4286 of the Civil Code, the court was authorized by the evidence to give the provisions of this section in charge to the jury.

The note sued on was executed after the passage of the negotiable instruments act, but there is no contention as to whether code-section 4286 was superseded by that act, and the above rulings are made upon the assumption that this section is still of force. At any rate, the rights of the plaintiff as to the matter here under consideration would not have been less under the provisions of that act.

■ The defendant further pleaded a discharge because the plaintiff had, without her consent, extended the maturity of the note to a definite future date in consideration of the payment of an amount of interest in advance by the defendant's husband, who, as she contended, was the real maker of the instrument. Seemingly this defense would fail with the jury's finding that the defendant was the real debtor. Whether, in these circumstances, she could defend upon the ground that the plaintiff had extended the maturity of the note at the instance of some other party thereto and without her knowledge or consent, and regardless of the real capacity in which the defendant sought to assert this defense, there

was evidence for the plaintiff from which the jury were authorized to find that, while the extension was actually granted as alleged, the defendant was consenting thereto, and if this was the case, the defendant could not complain.

While the defendant introduced evidence in support of her contention as to this issue, the jury were not required to accept her version in preference to that of the plaintiff, and, hence, it can not be held by this court as a matter of law that the verdict in reference thereto was unsupported by or contrary to the evidence.

■ The exceptions that the verdict is contrary to designated portions of the court's charge present only the contention that the verdict is contrary to law, and raise no questions that are not covered by the general grounds of the motion for a new trial. *Athens Mfg. Co.* v. *Rucker*, 80 *Ga.* 291 (5) (4 S. E. 885) ; *Palmer Mfg. Co.* v. *Drewry*, 113 *Ga.* 366 (3) (38 S. E. 837) ; *Bagwell* v. *Milam*, 9 *Ga. App.* 315 (3) (71 S. E. 684).

■ The evidence authorized the verdict for the plaintiff, and the court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*