## WALTERS *v.* PALMER.

1. Fraud or deceit in a transaction which induces one to make and deliver a negotiable promissory note can not be set up by the maker in defense to an action against him upon the note by one who, in good faith and for value, acquired title to the paper before its maturity.

2. One who holds a negotiable promissory note as transferee thereof is in law presumed, in the absence of any proof to the contrary, to have become the bona fide holder of the instrument for value, before maturity, without notice of any infirmity therein.

3. It follows from the above principles that the court did not err in overruling the petition for certiorari.

Submitted April 25, — Decided May 12, 1900.

Certiorari. Before Judge Henry. Floyd superior court. July term, 1899.

*Rowell & Rowell* and *J. W. Bale,* for plaintiff in error.

LEWIS, J. M. A. Palmer, as transferee, brought suit in a justice's court of Floyd county against L. J. Walters on a promissory note dated April 8, 1898, due on or by November 1, 1898, and payable to the order of J. F. Maples, for $22.50, besides interest. The note was indorsed on the back, "Pay to M. A. Palmer. J. F. Maples." To this action the defendant pleaded, in substance, that it was the agreement between him and Maples, and known to the plaintiff in the case, that the note was to be paid in barter, such as sweet potatoes, at such times as defendant could spare the same to be delivered at his store in West Rome; that the defendant could not write, and the note was not read to him, and he supposed it expressed what it was to be paid in; that he tendered 20 bushels of potatoes, worth 75 cts. per bushel, to pay on the note, and Maples refused to accept the same, and defendant carried the potatoes back home, and most of them were lost. Defendant further pleaded that the note sued on was procured by fraud and misrepresentation. After hearing the evidence, the jury in the justice's court returned a verdict for plaintiff; whereupon the defendant below petitioned the superior court of Floyd county for certiorari, alleging in his petition that the verdict was contrary to law and evidence. On the hearing of this application for certiorari, and the answer of the magistrate thereto, the court overruled the same; upon which judgment error is assigned in the bill of exceptions.

The plaintiff introduced the note sued upon, and closed. The defendant, by his testimony, substantially made out his plea as to the agreement made between him and Maples, the payee, touching the means by which the note should be paid, and stated that he had tendered products as payment on the note, which were refused by the payee, this tender being made before the maturity of the note. There is no evidence, however, that the plaintiff in this case had any notice whatever of these facts, or of any contract between the maker and the payee aside from

what appeared in the note itself. The consideration recited in the note was that it was for a " double-seat buggy." The testimony showed that Maples, the payee, had removed to Texas.

1. Counsel for plaintiff in error contends that, under the undisputed evidence, the signature of the defendant was procured by a misrepresentation on the part of Maples, the payee of the note, and it was therefore void as to the maker of it, who could neither read nor write, and who supposed that the contract as to how the note should be paid had been embodied therein. This note contained negotiable words, but notwithstanding this fact it is contended that it is void even in the hands of a bona fide purchaser, as the defendant was an illiterate man who could neither read nor write, and the signature to the note was fraudulently obtained from him. We presume counsel relies on the last provision of section 3694 of the Civil Code, which protects bona fide holders of negotiable instruments from any defense set up thereto by the maker, etc., with some exceptions, one of which is "fraud in its procurement." It has long since been a settled question under the decisions of this court that fraud in the procurement of a note, as specified in this statute, means fraud in the procurement by the holder thereof, and not fraud in its procurement as between the original parties, of which the holder for value had no notice. *Robenson* v. *Vason,* 37 *Ga.* 66; *Bealle* v. *Southern Bank of Georgia,* 57 *Ga.* 274. See also *Grooms* v. *Olliff,* 93 *Ga.* 789, where it was decided: "The phrase, 'fraud in its procurement,' as used in section 2785 of the code [now Civil Code, § 3694], has no reference to fraud in the contract out of which a negotiable security arises, or in the consideration for which it was given. Hence, fraud in these respects does not affect a bona fide holder for value, who receives a negotiable promissory note before it is due, and without notice of any defect or defence." See also the opinion of Lumpkin, Justice (now Presiding Justice), and authorities cited in that case, which was reaffirmed in *Taylor* v. *Cribb,* 100 *Ga.* 94.

2, 3. It is further contended by counsel for plaintiff in error, that there is no evidence showing the transferee in this case had received the note before maturity and without notice of the de-

fense thereto against the maker. The very fact that there is no evidence she received the note with such notice or after maturity clearly entitled her to a recovery upon her suit on the note. The note by its terms was to become due several months after the date thereof. It contained upon its face negotiable words. It is a well-settled principle of law that the holder as transferee of such negotiable paper will be presumed to be a bona fide holder thereof without notice of any infirmity therein. *Paris* v. *Moe,* 60 *Ga.* 90; *Perkins* v. *Rowland,* 69 *Ga.* 661 (2); *Rhodes* v. *Beall,* 73 *Ga.* 641. The court, therefore, did right in overruling the petition for certiorari.

*Judgment affirmed. All concurring, except Fish, J., absent.*