## MURRAY *v.* WILLOUGHBY.

Where the only defenses set up by the defendant were without merit and were properly stricken, and a verdict and judgment were rendered against him, it was error for the court to sustain a motion, made during the term, to set aside the verdict and judgment so rendered, no defense being set up and offered to be pleaded, or shown to exist, except those properly stricken, and no meritorious ground for reopening the case appearing.

Argued May 6,—Decided November 20, 1909.

Motion to set aside judgment. Before Judge Spence. Turner superior court. September 18, 1908.

On December 31, 1906, Willoughby filed his petition against Murray and Ensign, alleging (in brief) that on November 30, 1901,

Willoughby purchased from Ensign 125 acres of land for $400, on which $25 was paid; that Willoughby took possession, erected a house, cleared about fifty acres, and placed $800 worth of improvements on the land; that afterward Ensign sold to Murray a tract embracing the land sold to Willoughby, and attempted to convey it by deed; that Murray at that time knew all the facts, knew that Willoughby was in possession and cultivating a farm on the land, that he had purchased it, and that he was in possession; and that Willoughby thereafter tendered the balance of the purchase-money to Murray and Ensign, and they refused to accept it or to execute a deed to Willoughby, and the tender was made continuous. It was prayed, that title to the 125 acres be decreed to be in him upon payment or acceptance of the tender, and that the deed to Murray be canceled in so far as it affected that land. Upon this petition, on September 10, 1907, at the September term of Turner superior court, a consent judgment (signed by the attorneys for the parties and by the judge presiding) was entered, in favor of Murray and against Willoughby, for $375 principal, besides interest, in which judgment it was ordered that on payment of the amount, with all costs, by November 1, 1907, Murray execute to Willoughby a warranty deed to the premises described in the petition, "and title thereto is hereby decreed and vested fully and completely in the said T. J. Willoughby upon payment of the sum aforesaid to W. A. Murray on or before said date of Nov. 1st, 1907, and upon failure of T. J. Willoughby to pay said amount on or before Nov. 1st, 1907, title to revert in W. A. Murray." This judgment was never excepted to, changed, or modified; and its terms were not in any manner complied with by Willoughby.

To the March term, 1908, of Turner superior court, Murray brought an action to recover possession of the land from Willoughby, setting forth all the foregoing facts. Willoughby demurred on the ground that no cause of action against him was set forth; and answered (in substance) as follows: "that said judgment was a fraud practiced upon this defendant in this, to wit: that the time agreed upon for this defendant to pay said sum of money was 60 days instead of 50, as therein stated; that this defendant's attorney, without his knowledge, or cause, allowed the time to be stated 50 days in said judgment, and that defendant was not apprised of this fact until he made a tender of said money to said plaintiff 55 days after

said judgment and decree was entered up ; . . that he tendered said money to plaintiff in good faith, believing that he was fully complying with the terms of said judgment and decree, and had it not been for the fraud practiced upon this defendant he would have paid said money within the time required, and defendant firmly believed he was doing so when he made the tender; . . that he is now willing and ready to pay said sum of money to plaintiff, and here tenders same to him;" and that "this defendant was deceived as to the length of time in which he had to pay this money." At the September term the case was called and set for trial on the next day, when the court overruled the demurrer to the complaint, and sustained a motion (in the nature of a general demurrer) to strike the answer. After the introduction in evidence of the deed from Ensign to Murray, the record of the case of Willoughby v. Murray and Ensign, with the consent judgment, and other evidence sustaining the material allegations of Murray's complaint, the court directed a verdict in his favor, on which judgment was entered. Neither Willoughby nor counsel for him appeared. During the same term Willoughby filed a motion to set aside this judgment and to reinstate the case, on the grounds, that he had employed, and in large part paid, two named attorneys to represent him, and in good faith expected them to see that the merits of his case were fully presented; that he could not read or write, and was compelled to rely on them, nor was he ever notified that they would not perform their contract with him or would abandon his case; that he attended court every day of the session, but was advised by one of his counsel that he need not be present until the afternoon of Tuesday, September 15, and did not expect his case to be called before then; that afterward he was surprised to learn that it had been taken up on the forenoon of that day, and the verdict and judgment rendered against him without opposition; that he is advised that his demurrer and plea set forth legal and meritorious matters of defense, and he is ready to proceed to trial thereon. The court sustained this motion, and Murray excepted.

*James H. Pate,* for plaintiff.

*A. S. Bussey,* and *R. L. Tipton,* for defendant.

BECK, J. We think that the court erred in vacating and setting aside the judgment, although the motion was made at the term at which the judgment was rendered. Motions of this character, as

it has frequently been decided, are addressed to the sound discretion of the court, and this court will not interfere with the exercise of that discretion where it does not appear that it was abused; and where there is any doubt as to whether or not the court, at the time of rendering the judgment setting aside and vacating a judgment previously rendered, exercised a sound discretion, this court, as a general rule, will not disturb the ruling of the court below. In the present case, however, it seems to us that there was no room for the exercise of the discretionary power of the court, to whom the application to vacate a judgment solemnly rendered was addressed. It appears that a consent judgment had been taken, vesting the title to the property in controversy in Willoughby upon his compliance with certain terms and conditions plainly stated in the judgment, within a certain time, also fixed in the judgment; and the judgment just referred to vested in Murray the title to that property in the event Willoughby should fail to perform the obligation placed upon him. He did fail, and for his failure he seeks to set up an excuse; but that excuse could not avail him, because, as a foundation for relief against a judgment agreed to by his attorney of record, he alleges, not that he was misled by the opposite party or the attorney of the opposite party, not that his antagonist or the representative of his antagonist had failed to act in good faith, but that his own attorney had misled him, and that the terms of the judgment were not in accord with his understanding of that judgment, as he had derived it from his own attorney. He averred in his plea that he thought that sixty days was the limit of the time within which he could make payment in order to have title to the property in controversy vested in him, while as a matter of fact the judgment itself gave him only fifty days. These things he set up in an answer to a suit to enforce the consent judgment. They did not constitute a good defense, and the court did not err in striking the plea. The demurrers filed by him in the suit brought by Murray against him were equally without merit; for if the judgment was valid and binding, Murray's title to the land sued for was clear, and his declaration showed a right of recovery in him.

The motion to vacate and set aside the judgment in favor of Murray, previously granted, fails to allege that the movant had a good and meritorious defense which he could and would plead instanter. The movant does not attempt to show in his motion that

he has any valid defense which he can plead, other than that made by his answer which had been stricken, and by the demurrers which had been overruled, and properly so, as we have above held. With his answer stricken, and his demurrer overruled, the court should not have granted the movant's application to vacate the judgment against him and reinstate the case, without a showing, duly sworn to, to the effect that movant had a meritorious defense, or that there were other meritorious reasons; and it was error to rule otherwise. See *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39) ; *Beall* v. *Marietta Paper Mill,* 45 *Ga.* 28.

> *Judgment reversed. All the Justices concur.*