### 3069.   AMERICAN   AGRICULTURAL   CHEMICAL   CO. *v.* GRAHAM.

1. Where a promissory note is made payable to bearer, or is indorsed in blank, any person having it in possession will be presumed to be entitled to receive payment thereof, unless the maker has notice to the contrary; and payment to such person will be valid.
2. On the trial of an action upon a promissory note payable to bearer, where the defendant set up that the note had been paid by instalments, and it appeared that some of the payments were made to one who held possession of the note at the time of the payments and was therefore presumptively entitled to receive such payments, but that another payment was made to one not in possession of the note. and who showed no authority to receive such payment, and it did not appear that this last payment had reached the real owner of the note, the direction of a general verdict for the defendant was not authorized.

DECIDED JUNE 29, 1911.

Complaint; from city court of Douglas—Judge Cranford presiding. November 3, 1910.

The American Agricultural Chemical Company sued T. L. Graham as maker of a note payable to it, or bearer, originally for the sum of $102. There was a credit of $40 thereon, dated November 9, 1906. The defendant admitted the execution of the note and pleaded payment in full.

The evidence in support of the plea was that of the defendant, as follows: "I am the defendant in this case, and executed this note sued upon. This note was given to Mr. Charlie Butler, who was agent for the plaintiff at the time. Mr. Butler is now dead. I have fully paid off this note. On Saturday before the 9th day of November, 1906, Mrs. R. C. Butler came to my house. She had the note and demanded payment of me for the same. I saw the note and knew she had it in her possession. On the Thursday next following, which was November 9, 1906, I paid to Mr. Samp Smith $40 on this note at Bushnell, Ga., and took his receipt for same, and Mrs. Butler later told me that she received this money, which is the $40 credited on the note. On March 1, 1907, on the stairway of the Union Banking Company building in Douglas, Ga., I paid to Mrs. R. C. Butler on said note $40, and her son, W. M. Butler, gave me a receipt for same, signed by himself and R. C. Butler. Mrs. Butler at that time stated to me on the stairway, in the presence of her son, that she did not have the note with her, but that the same was at home in Bushnell, Ga.; and on the 25th day of March, 1907, I paid to W. M. Butler on said note, in the grocery store of W. W. Southerland, in the city of Douglas, Ga., $10, for which he gave me a receipt, signed by himself and Mrs. R. C. Butler, his mother. On the 29th day of November, 1909, I paid to Levi O'Steen, attorney for plaintiffs, $15.72. This last payment was made after the suit was filed, and, according to my contention, paid this note in full."

It was admitted that Mrs. R. C. Butler was the administratrix of the estate of Charlie Butler. There was no other evidence, and the plaintiff moved the court to direct a verdict in its favor, on the ground that the defendant had failed to show any valid payments on the note, binding upon the plaintiff, for the reason that he had shown no agency between Mrs. R. C. Butler and W. M. Butler and the plaintiff, and had failed to show any authority whatever

in either Mrs. R. C. Butler or her son, W. M. Butler, to collect the money on this note from the defendant for the plaintiff. The court overruled this motion, and the plaintiff excepted. The defendant then moved the court to direct a verdict in his behalf, which the court did, and to this direction the plaintiff excepted.

*O'Steen & Wallace,* for plaintiff.

HILL, C. J. (After stating the foregoing facts.)

1. The evidence of payment, in support of the plea, is sufficiently specific as to when, how, and to whom payment was made. It is insisted by the plaintiff that the evidence did not disclose that the payments were made to the person or persons authorized to receive them. The note was made payable to bearer, and the person having in his possession a note made payable to bearer or indorsed in blank is presumed to be entitled to receive payment thereof, unless the payer has notice to the contrary; and the authorities even go to the extent of holding that payment to the person who has possession of the note will be valid, although he may be a thief, finder, or fraudulent holder. Ogden on Negotiable Instruments, 169. The evidence shows that Mrs. R. C. Butler, who was the administratrix of Charlie Butler, to whom the maker had given the note as the agent of the plaintiff, was apparently claiming the right to collect the note as the owner thereof. She was in possession of the note when the first payment of $40 was made, and presumptively, therefore, had the right to collect it as the owner; it being a universal principle of law that the holder of a note payable to bearer is the owner of the note and entitled to collect it. *Paris* v. *Moe,* 60 *Ga.* 91; *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114 (36 S. E. 469).

2. This first payment of $40 was not only made to Mrs. Butler, the holder of the note, but was indorsed as a credit on the note, and therefore there can be no sort of question but that this was a valid payment on the note, not only because it was paid to the party who held it, but because the amount was actually credited on the note; and the plaintiff claimed only the balance on the note after this payment had been deducted from the face thereof. The second payment of $40 was made three months after the first payment, and at that time the maker of the note, who paid it to the son of Mrs. Butler for her—Mrs. Butler admitting that she had received the payment—did not know absolutely that Mrs. Butler

still held the note; but, as she did hold possession of it on the occasion of the previous payment, it was reasonable and fair to presume that she continued to hold the note, as she was still collecting on it; and this presumption is aided by her statement, made as a part of the res gestæ, that she did have the note at her home. At least, these facts were sufficient to raise a presumption that she was entitled to receive this payment because the note was still in her possession, and to shift the burden to the plaintiff of showing that she did not have the note in her possession at the time of this second payment, and was not authorized to collect it. Now, as to the payment of $10 made to the son, there is no evidence that he had the note in his possession when the payment was made, or was authorized to collect it.

As to the payment of the $15.72 made to the attorney for the plaintiff after this suit had been filed, this was unquestionably a valid payment, because it was made to the attorney of record for the plaintiff, the payee and holder of the note at the time the suit was filed and when payment was made. Leaving out of consideration the first payment of $40 credited on the note and the last payment of $15.72, made to the attorney of record for the plaintiff, the evidence as to the validity of the other payments did not authorize the direction of a general verdict for the defendant.

*Judgment reversed.*