## 5531, 5532. PRYOR *v.* AMERICAN TRUST & BANKING COMPANY; and *vice versa.*

1. A promissory note payable to the order of the maker thereof and properly indorsed by him is a negotiable instrument, and the holder is presumed to be such bona fide and for value, and is protected from any defense set up by the maker, acceptor, or indorser, except non est factum, gambling, or immoral and illegal consideration, or fraud in its procurement by the holder. ·

2. A motion or petition to vacate a judgment must show the existence of some statutory cause for setting it aside, or facts sufficient to warrant the court in taking such action in the exercise of its sound general discretion. The movant must not only show generally and inferentially, but by precise and specific averment, that he has been without fault or has exercised due diligence, or, if negligent, that his negligence was excusable. "The motion must show that he has a good and meritorious defense to the action, not merely by so alleging, but by setting forth fully the facts which constitute the proposed defense, except in cases where the judgment is absolutely void, when no defense need be shown."

3. Where a motion to set aside a judgment fails to disclose the facts which constitute the defense therein alleged to be "good and legal," by any definite allegations therein or in any "affidavit of merits" thereto at-

tached as an exhibit or made a part of a ground of the motion by iden-
tifying reference, the motion is incomplete and insufficient.

DECIDED FEBRUARY 16, 1915.

Motion to set aside judgment; from city court of Leesburg—
Judge Greer presiding. January 16, 1914.

*R. L. Maynard,* for American Trust & Banking Company.
*Peacock & Gardner,* contra.

WADE, J. The American Trust & Banking Company brought
suit against R. S. Pryor on a promissory note, dated July 18, 1912,
and due January 10, 1913, for the principal sum of $750, which
was signed by him and by its terms made payable to "myself," and
indorsed by him and by Smith & Connor. The defendant filed a
plea denying the allegation of indebtedness in the declaration of
the plaintiff, and setting up as an affirmative defense against the
collection of the note various allegations of misrepresentation and
fraud made to the defendant by Smith & Connor at the time the
note was procured, and in order to induce the defendant to execute
it—the representations being in reference to the value of stock in
a certain corporation, for the purchase of which the note was ex-
ecuted and delivered to Smith & Connor, the agents of this corpora-
tion. The plea further set up that the defendant had "notified
the plaintiff of the circumstances under which such note was given,"
but did not say when this notice was given to the plaintiff, nor by
whom the notice was received on the part of the plaintiff, and failed
to show that the notice was given to the plaintiff before the pur-
chase of the note. A demurrer to the plea as filed was interposed
by the plaintiff, and when the demurrer came up at the proper
time for argument, the presiding judge declined to pass upon it, on
account of his possible disqualification, and the case went over, by
express agreement, to the first day of a subsequent adjourned term
of the court. Through some misunderstanding, the merits of which
it is unnecessary to discuss under the view we take of the case,
counsel for the defendant failed to be present on the first day of the
adjourned term of the court when the case came up in its order, in
accordance with the previous setting thereof for trial before a judge
qualified to dispose of the case. The plaintiff insisted upon its de-
murrer, and after argument the court sustained the demurrer and
dismissed the plea, and a judgment in behalf of the plaintiff for
the amount of the note resulted. Later during the same day, coun-

sel for the defendant appeared at the court and filed a motion to set aside the judgment, pleading in detail the misunderstandings and mistakes which had prevented his presence at the time the case was called in its order for trial, and making this sole additional allegation: "Fifth. That your petitioner had a valid and legal defense to said action, and was then ready for the trial of said cause; that the trial of said cause proceeded in the absence of defendant's counsel through accident or mistake in the understanding between his said attorney and the attorney for plaintiff; and that on account of this mistake and misunderstanding said verdict and judgment should be vacated." The plaintiff filed a demurrer on the general ground that the motion set forth no legal showing for the relief prayed, and on several special grounds touching the sufficiency of the showing as to diligence on the part of counsel for the movant, and also because the motion failed to disclose that there was any error in striking the original plea, since the plea itself was not set out, and failed to show that the "valid and legal" defense referred to in the motion was ever pleaded, and did not set out and specify wherein the alleged valid and legal defense lay. This demurrer was overruled, and the plaintiff filed exceptions pendente lite, and in its cross-bill of exceptions assigns error thereon.

The petition asking that the judgment be set aside was not verified, but was signed simply by the attorney for the movant. A rule nisi thereupon was issued by the presiding judge, requiring the plaintiff to show cause at a future date why the verdict and judgment should not be vacated. The hearing was had on the date fixed, and it appears from the bill of exceptions that the attorney for the movant then introduced an affidavit made by himself, setting out in detail and with careful particularity facts leading to his failure to be present at the time and place of trial when the judgment was rendered. The bill of exceptions recites that the movant introduced as evidence the original petition of the plaintiff, on which the verdict and judgment complained of were based, the original plea filed by the defendant, which is a part of the record in the said case; and an amendment which he, the movant, *"proposed to offer,"* which was sworn to by R. S. Pryor, and was as follows: "First. That the plaintiff is not a bona fide purchaser for value of the note sued upon, without notice of the method used by Smith &

Connor to make sale of stock of the Southern Finance Corporation; that the plaintiff, through its agents and officers, had at the time of the purchase of said notes, due notice of the consideration of said note." It does not appear from the record how this amendment which the movant "proposed to offer" was verified, whether as required by section 5640 of the Civil Code or not; but waiving this point, it does not appear from any recitals in the bill of exceptions, or from any part of the record specified therein, that the amendment which the attorney for the movant introduced in evidence, as being an amendment which was "proposed," was attached to or in any way made a part of the motion to set aside the judgment, or was even by words remotely referred to, and an effort thus made to incorporate it in the motion to vacate, as an exhibit or component part thereof.

The plaintiff insisted that as the note sued upon was signed by Pryor and made payable to his own order, it was not a negotiable instrument which would be free from attack in the hands of one who purchased it before due, for value and without notice of any defects therein other than the notice brought home to the purchaser by the fact that the note was payable to the order of the maker. The note, as we have already said, was indorsed by the maker, R. S. Pryor, to whose order it was made payable, and was further indorsed by Smith & Connor, from whom it was obtained by the plaintiff.

The Civil Code, § 4270, defines a promissory note to be "a written promise made by one or more to pay to another, or order, or bearer, at a specified time, a specific amount of money, or other articles of value." The code section does *not* declare that a promissory note is a written promise made by one or more "to pay to the order *of another,* or bearer," but explicitly says that such a note is a promise to pay to "another, or order, or bearer," using the disjunctive conjunction between "another" and "or order," and between "or order" and "or bearer," which we may interpret to mean "to another, or *to* order or *to* bearer." A note payable to maker "or order" would come exactly within the terms of this description, and, when indorsed by the maker, would become a negotiable instrument.

In *Moody* v. *Threlkeld,* 13 *Ga.* 55 (2, 3), it was held that a note payable to bearer only was a valid note, and that a note issued with

a blank for the payee's name may be filled up by any bona fide holder with his own name as payee, and is a good promissory note as to him from its date; he can collect thereon, sue thereon, and otherwise enjoy all the rights and powers thereunder which he would have possessed had his name been originally written therein. See also *Roth* v. *Donnelly Grocery Co.,* 8 *Ga. App.* 851 (70 S. E. 140). "A promissory note is negotiable by indorsement of the payee or holder, or, if payable to bearer, by transfer and delivery only." Civil Code, § 4273. A bona fide holder for value of a promissory note or other negotiable instrument, who receives it before it is due, and without notice of any defect or defense, is protected from any defense set up by the maker, acceptor, or indorser, except non est factum, gambling, or immoral and illegal consideration, or fraud in its procurement (Civil Code, § 4286); and "fraud in its procurement" which would enable the maker of a promissory note to avoid paying it in the hands of an innocent purchaser for value has been time and again judicially interpreted to mean fraud on the part of the holder (*Robenson* v. *Vason,* 37 *Ga.* 66; *Hogan* v. *Moore,* 48 *Ga.* 162), and has no reference to fraud in the contract out of which the instrument arose (*Grooms* v. *Olliff,* 93 *Ga.* 789, 20 S. E. 655), and the holder of a note is presumed to be such bona fide and for value. Civil Code, § 4273.

The terms "holder" and "bearer" are words of similar import, and where either of these words is employed in a note, the note may be made negotiable by delivery. Putnam *v.* Crymes (S. C.), 1 McMul. 9 (36 Am. Dec. 250). "Holder" is a word of the same import as "bearer," and is applied to any one in actual or constructive possession of the bill, and entitled at law to recover or receive its contents from the parties to it. See 4 Words & Phrases, 3319, and cases cited.

From all of which it appears that the presumption in favor of a note in the hands of a holder thereof exists where the note is made payable to the order of the maker, and is by him properly indorsed. If a note payable to bearer merely, without mentioning *any* name, is a valid note, and a note issued with a blank for the payee's name may be filled up by any bona fide holder with his own name as payee, and then be treated as a good promissory note, enjoying all the presumptions which such a note has under our statute, it is apparent that a note made payable as section 4270 of the Civil Code

provides, not only "to order," but to the order of a person designated, to wit, the person executing the same, who thereafter imparts negotiability to the instrument by indorsing thereon the "order" provided for by its terms, is a negotiable instrument, and is entitled in the hands of a holder to the same presumptions which would arise if the maker had made the note payable to the order of another person, and the payee had indorsed it.

Since it appears, from what has been stated above in regard to the original plea filed by the defendant, that this plea failed to allege that the plaintiff was not a bona fide holder of the note before due and for value, and simply asserted that the defendant "avers that he has notified the plaintiff of the circumstances on which the said note was given," without alleging that this notice was given before the plaintiff in good faith purchased the note and paid therefor (even though it be assumed that this averment is intended to convey the idea that the plaintiff had been at *some time* informed by the defendant of all the alleged fraud practiced upon him by Smith & Connor), the plea was nevertheless fatally defective, and raised no issue to rebut the presumption in favor of the holder of the note, and the plaintiff did not have a "valid and legal" defense on file originally, for, construing the plea more strongly against the pleader, this allegation must be interpreted to mean that the notice referred to was given by the defendant to the plaintiff *after* the acquisition of the note for value and bona fide.

The judge therefore did not err in striking the original plea, regardless of whether or not the defense therein set up might have been a good and legal defense as against Smith & Connor or one who obtained the note after notice. "Where the only defenses set up by the defendant were without merit and were properly stricken, and a verdict and judgment were rendered against him, it was error for the court to sustain a motion, made during the term, to set aside the verdict and judgment so rendered, no defense being set up and offered to be pleaded, or shown to exist, except those properly stricken, and no meritorious ground for reopening the case appearing." *Murray* v. *Willoughby,* 133 *Ga.* 514 (66 S. E. 267). The movant in this case insists that the rule laid down above is not applicable, since it appeared from the proposed amendment, which was verified by Pryor and offered in evidence, that the defendant *did* have a valid, meritorious defense. As we have already

suggested, the meritorious defense which the defendant claimed to have was that the plaintiff had knowledge of the equities between the parties before it obtained the note, and, without considering whether or not the proposed amendment as worded was entirely adequate to set up the defense claimed, it does not appear that this defense was in any way made a part of or incorporated in the motion to vacate, or even attached thereto as an exhibit, nor is it referred to in any definite way in the motion. An application to vacate a judgment "must show the existence of one of the statutory causes for setting aside a judgment, or facts sufficient to warrant the court in taking such action in the exercise of its general jurisdiction, and it is not enough to allege 'mistake,' 'surprise,' 'fraud,' 'unavoidable casualty or misfortune,' or the like in general terms, but the very fact which led up to the taking of the judgment or which prevented the party from defending the suit must be stated explicitly. He must also show, not generally or inferentially, but by specific averments, that he has not been in fault, or has exercised due diligence and vigilance, or if he has been negligent he must show in like manner that the negligence was excusable. And the motion must show that he has a good and meritorious defense to the action, not merely by so alleging, but by setting forth fully the facts which constitute the proposed defense, except in cases where the judgment is absolutely void, when no defense need be shown." 23 Cyc. 949, 950, 951. Able counsel representing the movant appears to have recognized this rule so far as it applied to the facts relied upon to prove mistake, or to show that he had exercised due diligence, or, if negligent, that negligence was excusable; since the motion itself set out in substance all that the movant claimed by way of explanation or excuse for his absence at the time the judgment was taken. No attempt whatever was made, however, to set out the valid and legal defense to the action, which the movant baldly alleges that he had, in his motion to set aside the judgment. "In all cases where the application is not based upon want of jurisdiction or irregularity, but upon something presented as an excuse by the defendant, he must make an affidavit of merits. And nothing else can take its place and serve its purpose. An answer to the complaint, already on file or which the defendant proposed to file, is not equivalent to an affidavit of merits, although it discloses a defense apparently complete and meritorious, and although it is

verified." 1 Black on Judgments, § 347, p. 538. The motion itself should disclose the nature and character of the defense relied upon by the movant in the event the judgment was set aside and a trial thereafter had, and it must appear that the defense would in fact be legally a meritorious one. To file a motion asking that the solemn judgment of a court be set aside, and alleging simply that the defendant had a good and valid defense to the action upon which judgment had been obtained against him, would certainly not authorize the court to grant such a motion; for, under the great weight of authority, the defense must be set up in detail, and it must appear from the *facts* thus alleged that the defense was actually valid and meritorious. The statement of the movant that he had a "valid defense," without more, amounts to nothing but a conclusion on his part, upon which the court would be unable to act. The motion to vacate is not verified, and a separate affidavit was introduced to substantiate the allegations made therein, tending to explain the absence of counsel for the defendant when the judgment was rendered, and to set up and establish that a "mistake" had occurred. There was also offered in evidence what is referred to in the bill of exceptions as an amendment which the movant "proposed to offer," and which was sworn to by him, and which presumably set up the "valid and legal defense" referred to in the motion to vacate; and to this affidavit, apart from the pleadings, reference must necessarily be had, in order to determine what defense is referred to in the motion. In other words, the motion is not complete in itself, and the affidavit referred to did not prima facie *support* the allegations made in the motion to set aside, but itself set up and declared the substantive facts and circumstances relied upon to make out the "valid and legal defense," and the affidavit was not attached to or in any way made a part of the motion, so that the motion in itself, and without referring to the extrinsic matter contained in the affidavit offered as evidence to support the allegations in the motion, was not sufficient to show that the defendant had any defense which might on a trial possibly suffice to prevent another judgment against him. A motion to set aside a judgment should be complete in itself, and such a motion is fatally defective when it fails to disclose the character and nature of the defense relied upon, without depending upon matters of evidence, or even (as suggested from the quotation above from

Black on Judgments) upon a verified plea already filed in the court. To entertain a motion to set aside a judgment which alleges merely (in addition to the necessary allegations, in a case like the present one, explaining the apparent negligence which resulted in the judgment) that the movant has "a legal and valid defense," and to permit him, on the hearing, to tender in evidence a proposed amendment to his plea, which has never even been filed in the court and which *may never* be filed, and thus never become a part of the record of the case, would give a defendant an advantage to which he is not entitled under any rule of pleading, or even in common fairness. If the movant were so disposed and were not restrained by scruples of conscience, he could, at the hearing of the motion to vacate the judgment, offer in evidence, to sustain a general allega- tion that he had a good and legal defense, a verified amendment to his plea, which his counsel might in perfect good faith present with the representation that the movant *proposed* to file it in the event that the judgment should be set aside, and then, after thus inducing the court to set aside the judgment, and possibly obtaining a long delay, might, when the case came to trial, offer an amendment somewhat different from the proposed amendment exhibited on the hearing of the motion to vacate the judgment, and not sufficient to constitute a valid defense; or he might offer at the trial an alto- gether different defense from the one proposed at the hearing of the motion, and perhaps one which would conflict with or be in direct contradiction of the "proposed amendment;" and in such an event the plaintiff would perhaps be unable to show by the record in the case, and by way of admissions on the part of the defendant, should he desire to do so, what was set out in the original "pro- posed amendment" never actually filed. If, on the other hand, the facts relied upon to constitute the good and valid defense which the movant alleged he had were sufficient, and his allegations were sustained by outside affidavits, and the motion should be granted by the court, the motion itself would be a part of the record in the case, and might be referred to in any after-proceeding in the event that the plaintiff regarded any statement therein as an admission beneficial to him, or as contradictory to any statement made in an amendment subsequently filed. If the proposed amendment offered in evidence and verified by Pryor had been attached to the motion to set aside, or even identified in any way as a part of the proceed-

ings, and it had appeared that the presiding judge had directed that it be filed as a part of the record, this argument would not apply; but it appears to have been entirely separate and apart from the motion, and not only not filed as a part of the proceedings, but not even then identified in any way by the order of the presiding judge.

It was said in *Murray* v. *Willoughby,* supra, referring to motions to set aside judgments, that, "motions of this character, as it has frequently been decided, are addressed to the sound discretion of the court, and this court will not interfere with the exercise of that discretion where it does not appear that it was abused; and where there is any doubt as to whether or not the court, at the time of rendering the judgment setting aside and vacating a judgment previously rendered, exercised a sound discretion, this court, as a general rule, will not disturb the ruling of the court below."

So that we may conclude by saying generally that this court, considering the record as a whole, not only sees no reason why the sound discretion of the trial court should be interfered with and the verdict and judgment set aside, but since, under the view we entertain as to the insufficiency of the motion, the trial court should have sustained the demurrer thereto, the judgment overruling the demurrer is reversed on the cross-bill of exceptions, and the main bill of exceptions is dismissed.

*Judgment reversed on cross-bill of exceptions; main bill of exceptions dismissed. Broyles, J., not presiding.*