### 6800.   ROBERSON *v.* FIRST NATIONAL BANK OF LOUISVILLE.

WADE, J.   1.  There was not only no evidence to rebut the presumption that the holder of the note sued upon was a bona fide holder for value (Civil Code, § 4288), but the uncontradicted testimony of the president of the plaintiff bank was that the bank bought the note before it was due, with no knowledge whatever of the circumstances under which the defendant's indorsement of the note was obtained, and the undisputed evidence also explicitly denied that the person who obtained the indorsement had any authority to act for the bank in taking the note.

(a) The "fraud in the procurement of the note" which will let in defenses against the holder (Civil Code, § 4288) is fraud on his part (*Robenson* v. *Vason,* 37 *Ga.* 67; *Hogan* v. *Moore,* 48 *Ga.* 156), and has no reference to fraud in the contract out of which the instrument arose. *Grooms* v. *Olliff,* 93 *Ga.* 789 (20 S. E. 655); *Pryor* v. *American Trust &c. Co.,* 15 *Ga. App.* 822, 826 (84 S. E. 312).   Since there was no direct evidence nor any circumstance in proof sufficient to charge the holder with notice of the alleged fraud on the part of the original taker, there was nothing to support this defense.

2. In the light of the entire record, the court did not err in directing a verdict and in thereafter overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 26, 1916.

Complaint; from city court of Waynesboro—Judge Davis. June 21, 1915.

*Brinson & Hatcher,* for plaintiff in error.   *E. V. Heath,* contra.