8557. WATSON *v.* AMERICAN NATIONAL BANK.

WADE, C. J. 1. The note sued upon was by its terms payable to the order of the maker. It appeared to have been duly indorsed by him, and suit thereon was brought by the American National Bank as holder. "A promissory note payable to the order of the maker thereof and properly indorsed by him is a negotiable instrument, and the holder is presumed to be such bona fide and for value, and is protected from any defense set up by the maker, acceptor, or indorser, except non est factum, gambling, or immoral and illegal consideration, or fraud in its procurement by the holder." *Pryor* v. *American Trust &c. Co.,* 15 *Ga. App.* 822 (84 S. E. 312).

(*a*) The "fraud in its procurement" which would enable the maker of a promissory note to avoid paying it, when in the hands of an innocent holder for value, has been time and again judicially interpreted to mean fraud on the part of the holder, and has no reference to fraud in the contract out of which the instrument arose; and the holder of a note is presumed to be such bona fide and for value. *Robenson* v. *Vason,* 37 *Ga.* 66; *Hogan* v. *Moore,* 48 *Ga.* 162; *Grooms* v. *Olliff,* 93 *Ga.* 789 (20 S. E. 655); *Pryor* v. *American Trust &c. Co.,* supra.

(*b*) The plea interposed by the defendant in the justice's court, which was stricken on demurrer, did not allege any fraud on the part of the holder of the note, or any knowledge on the part of the holder, *at the time it obtained the note,* that fraud had been practiced upon the maker in procuring the execution thereof. Waiving the question whether .the specified acts of fraud on the part of the original taker would be sufficient to defeat its collection even in the hands of such original taker, the plea reciting the representations made for the purpose of inducing the

defendant to execute the note simply makes the further averment, "all of which inducements were false and fraudulent and known to the plaintiff" (the holder), without distinctly alleging, in this connection or elsewhere, that "the plaintiff *took the note* [italics ours] with notice of such fraud and failure of consideration" *at the time* the plaintiff acquired the note. *Citizens Bank of Roswell* v. *Reese*, 145 *Ga.* 110 (88 S. E. 570). Pleadings are always to be construed most strongly against the pleader.

2. The justice of the peace properly sustained the demurrer to the plea attempting to set up fraud in the original procurement of the note, and that the consideration thereof had totally failed, in the absence of any definite and precise allegation that the alleged fraud was known to the plaintiff at the time it purchased or acquired title to the instrument sued upon. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED JUNE 27, 1917.

Certiorari; from Bleckley superior court—Judge Graham. January 12, 1917.

*C. A. Weddington, H. M. Boyer,* for plaintiff in error.

*J. M. Bleckley,* contra.