9320. BANK OF CUMMING v. BRUCE.

"Where a negotiable promissory note, due [at some fixed date in the future], and indorsed by the payee in blank, is put in suit by a third person, the production of the note by the plaintiff at the trial is prima facie evidence that he acquired it for value before maturity, and without notice of any fact going to defeat its collection. As against him, payment made to the payee will not be a defense, without showing that the payee had possession of the note at the time, or was then the owner of it, or for some other reason had a right to receive the money."

              DECIDED APRIL 12, 1918.

Certiorari; from Cherokee superior court—Judge Morris. October 12, 1917.

  *H. L. Patterson,* for plaintiff.

  BLOODWORTH, J. The Bank of Cumming brought suit in a justice's court against R. B. Bruce, on a note signed by him, dated December 2, 1911, due October 15, 1912, and payable to O. L. & M. G. Lummus, indorsed "O. L. & M. G. Lummus," and having on it a credit of $20, dated December, 1912. The defendant denied liability and pleaded payment. On the trial before a jury in the justice's court the assistant cashier of the bank testified: "The Bank of Cumming purchased that note [the note sued on] from O. L. & M. G. Lummus, on January 3, 1912, and has had title to that note since that time." He further testified that the credit of $20 was entered thereon in his handwriting, but he could not swear who paid the money to him; that the balance had never been paid and was still due the bank. He testified also: "I can not say

that he [M. G. Lummus] did or did not have it [the note sued on] after it became the property of the bank, but I do not think so. If Lummus had the note in his possession he stole it." The note was introduced in evidence by the plaintiff. The defendant swore that he paid to M. G. Lummus, one of the firm of O. L. & M. G. Lummus, $20 on note sued on; that at that time M. G. Lummus had the note in his possession, and placed the credit for the $20 thereon. He testified further: "I paid the balance due on the note to M. G. Lummus on July 13, 1913, and have a receipt for it. I paid him at Cumming, Ga., and he told me at the time that he had left the note at home in his bill-book, that he had forgotten it that morning, but would give me a receipt for the money and send me the note the next day. I paid him in a mule, and there was a balance coming to me, and he gave me a check for it. [Here counsel for defendant exhibited to him receipt as follows: "Received of R. B. Bruce $49.00, for one black horse mule, known as the Jess Bruce mule. July 13, 1913. O. L. & M. G. Lummus."] That is the receipt he gave me in full for the balance due on the note. I do not owe O. L. & M. G. Lummus or the bank anything on the note. I do not know anything about how the Bank of Cumming got title to the note or when they got it." Wess Lummus swore: "I was present when Burton Bruce paid M. G. Mullus [Lummus] $20 on the note in controversy in December, 1912. M. G. Lummus had the note in his possession at that time. I saw the note and saw Lummus credit the $20 on the note."

The jury rendered a verdict for the defendant. The case came to this court on exceptions to the overruling of a certiorari.

It is not disputed, but is clearly shown, that the bank purchased the note sued on for value and before maturity, and has never parted with title to it, and the only payment ever made to the bank was the $20 credited on the note in December, 1912. At the time of the trial the bank was in possession of the note. "The holder of a note is presumed to be such bona fide and for value." Civil Code (1910), § 4288. "Where a negotiable promissory note, due sixty days after date, and indorsed by the payee in blank, is put in suit by a third person, the production of the note by the plaintiff at the trial is prima facie evidence that he acquired it for value before maturity, and without notice of any fact going to defeat its collection. As against him, payment made to the

payee will not be a defense without showing that the payee had possession of the note at the time, or was then the owner of it, or for some other reason had a right to receive the money." *Paris v. Moe,* 60 *Ga.* 90 (1); *Perry* v. *Bray,* 68 *Ga.* 293; *Rhodes* v. *Beall,* 73 *Ga.* 641 (1), 642; *Bank of the University* v. *Tuck,* 101 *Ga.* 104 (28 S. E. 168); *Walters* v. *Palmer,* 110 *Ga.* 776 (2), 779 (36 S. E. 79); *American Agricultural Chemical Co.* v. *Graham,* 9 *Ga. App.* 479 (71 S. E. 761); *McDonald* v. *Horton,* 20 *Ga. App.* 489 (93 S. E. 110). It not being shown that M. G. Lummus individually or for his firm had the right to collect the note, or owned or had possession of it, at the time the maker claimed to have paid it, a payment made to him is not a good defense to the note. The trial judge therefore erred in overruling the certiorari.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*