## 40088. MOORE v. SOUTHERN DISCOUNT COMPANY.

DECIDED MAY 14, 1963—REHEARING DENIED MAY 30, 1963.

*Charles E. Moore, Jr., Charles E. Muskett,* for plaintiff in error. *Franklin B. Anderson,* contra.

EBERHARDT, Judge. This is a suit on a note executed in favor of Georgia Termite & Pest Control, Inc., which note was subsequently transferred to plaintiff. Plaintiff is admittedly a holder in due course. In addition to a general denial, the defendant filed a plea of "fraud in the procurement" in that the defendant read over a note for $250 presented to him by the agent of the Pest Control Company, that as he prepared to sign the note the agent inquired about the style of the defendant's furniture and knocked over a lamp to distract the defendant, and, when the defendant reached to catch the lamp, the agent substituted a note for $433.92, which the defendant signed without reading further. Proof of this defense was offered and the jury found for the defendant. Plaintiff's motion for judgment n.o.v. was granted and the exception is to that judgment.

■ Headnote 1 is self-explanatory.

■ Headnote 2 is also self-explanatory except to state that the defendant testified that the signature did not look like his in certain particulars although he never directly denied executing the note sued on. His contention that this was sufficient evidence to uphold the jury verdict fails.

■ The main question in the case is whether or not the defense of fraud in the procurement or inducement is an available defense against a holder in due course. The late Professor E. Byron Hilley aptly presented the status of the law in the following from 3 EGL 315, Bills & Notes, § 46 (footnotes omitted): "Fraud as a defense against holder of negotiable instruments is divided into two types: fraud in the inception, or factum, which is a defense against a holder in due course; and fraud in the inducement, or procurement, which is not available against a holder in due course. The courts generally have limited fraud as a defense against holders in due course to the situation where a person reasonably, and without negligence, affixes his signature or mark to an instrument not knowing or intending to create a negotiable instrument. . ." The latter situation does not obtain here because the defendant testified he intended to sign a $250 promissory note.

Nor can defendant derive any comfort in that portion of *Code Ann.* § 14-510 by which a holder in due course is not protected from the defense of "fraud in the procurement." This Code section, recognized in *Newcomb v. Niskey's Lake, Inc.*, 190 Ga. 565 (10 SE2d 51) as still being of force and effect despite the NIL, has long been interpreted as meaning only "fraud in the procurement" *by the present holder of the note. Robenson v. Vason*, 37 Ga. 66; *Murray & Co. v. Jones*, 50 Ga. 109 (2); *Bealle v. Southern Bank*, 57 Ga. 274; *Merritt v. Bagwell*, 70 Ga. 578 (2); *Grooms v. Olliff & Co.*, 93 Ga. 789 (20 SE 655); *Taylor v. Cribb*, 100 Ga. 94 (1) (26 SE 468); *Walters v. Palmer*, 110 Ga. 776 (1) (36 SE 79); *Harrell v. National Bank of Commerce*, 128 Ga. 504 (1), 506 (57 SE 869) and citations; *Roberson v. First Nat. Bank of Louisville*, 18 Ga. App. 171 (88 SE 991); *Watson v. American Nat. Bank*, 20 Ga. App. 402 (1) (93 SE 38) and citations; *Traders Securities Co. v. Canton Drug Co.*, 38 Ga. App. 165, 171 (143 SE 452); *Evans v. Johnson*, 77 Ga. App. 277, 279 (48 SE2d 159); *Floyd Const. Co. v. Stanley*, 101 Ga. App. 696, 701 (115 SE2d 231) and citations.

Although the rule was criticized in no uncertain terms and said to be in need of legislative change shortly after its first judicial pronouncement, *Bealle v. Southern Bank*, 57 Ga. 274,

supra, it remains today, and we are bound by it. Apparently (though we make no ruling now on the matter), the rule would be kept in force by the Uniform Commercial Code. *Code Ann.* § 109A-3—305 (2). But, compare Ga. L. 1962, p. 429 with Ga. L. 1963, p. 206.

No attempt was made to show fraud in the procurement of the note *by the plaintiff here,* and therefore a verdict was properly directed for it as no other defense was presented.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*