23617. JOHNSON v. DOCKERY et al., Commissioners.

Submitted September 12, 1966—Decided October 6, 1966.

*Arthur C. Farrar,* for appellant.

*J. W. Waldroup,* for appellees.

ALMAND, Justice. The sole enumeration of error is to an order sustaining a general demurrer to a petition seeking to open a default judgment in an equity case and permit the petitioner, the defendant in said case, to file defensive pleadings.

The petition alleged that the named defendants, as Commissioners of Coffee County, in June, 1965, filed a petition in Coffee Superior Court seeking to enjoin the petitioner from interfering with the construction of a road through certain described land. Petitioner was served and appeared at a hearing on the rule nisi on June 14, 1965. Petitioner did not employ counsel until about September 17, 1965. He alleges that "he has a meritorious defense in said matter and that he is ready and willing to plead instanter and hereby announces ready to proceed with trial and he has paid all accrued cost."

*Code* § 110-404 as amended provides that at any time before final judgment, the trial judge *in his discretion,* upon the payment of costs, may allow the defendant to open a default for (a) providential cause which prevented the filing of a plea, (b) for excusable neglect or (c) where the judge determines that a proper case has been made for the default to be opened on terms fixed by the court. As a condition precedent to opening the default, the defendant must set up a meritorious defense, offer to plead instanter and answer ready to proceed with the trial.

In the instant case, petitioner set forth neither any facts to show a meritorious defense nor any facts which required the trial judge as a matter of law to exercise his discretion. See *Blanch v. King,* 202 Ga. 779 (44 SE2d 779); *Pryor v. American Trust &c. Co.,* 15 Ga. App. 822 (2) (84 SE 312).

It was not error to sustain the general demurrer.

*Judgment affirmed. All the Justices concur.*