## 55128. CHENEY v. BARBER.

BELL, Chief Judge.

This is a suit on a promissory note executed pursuant to a contract for the sale of land seeking an unpaid principal balance due of $50,375.38, plus accrued interest, and attorney fees. The defendant admitted execution of the note, but asserted that he was fraudulently induced to execute the note by plaintiff's material misrepresentation as to the value of the land. At the close of the evidence plaintiff moved for a directed verdict which was denied. The jury found for the plaintiff in the sum of $15,000 plus $2,250 attorney fees and a judgment was entered. Plaintiff's motion for a judgment notwithstanding the verdict and motion for a new trial were also denied. *Held:*

At the trial it was shown by the evidence and without dispute that a principal balance was due on the note in the amount of $50,375.38; that the accrued interest was $5,793.36; and that under the terms of the note 15% of the principal and interest was due for attorney fees which totaled $8,425.31; and that defendant had defaulted. The sole defense to this action was an alleged fraudulent inducement to contract. An allegation of fraud would, when supported by evidence, raise a question of fact to be resolved by the jury. However, the evidence does not establish the necessary elements of the defense of fraud. The essential elements of this defense are: That the defendant must show that the plaintiff made a false, material representation of an existing fact with knowledge that it was false, or with reckless disregard as to its truth; that the misrepresentation was acted upon by the defendant; and further, that the defendant acted in reasonable reliance in a manner reasonably foreseeable by the plaintiff, to the defendant's proximate injury.

*Brown v. Techdata Corp.*, 238 Ga. 622 (234 SE2d 787). As to the plaintiff's alleged misrepresentation of the value of the land, defendant testified that he liked the land after inspecting it, and felt the price was reasonable, but, "Mr. Cheney led me to believe that I could double my money. . ." Fraud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjectures as to future events. *Wood v. Noland Credit Co.*, 113 Ga. App. 749 (149 SE2d 720). Defendant also attempted to prove fraudulent inducement by testifying about an alleged oral agreement concerning defendant's personal liability on the note. However, the only evidence presented to this effect showed that the defendant did not remember exactly when these statements, if any, were made. Nor is there any evidence as to who made these statements. Rather, the defendant testified that the attorney who represented him at the closing felt and recommended that the defendant would not be personally liable on the promissory note. This fails to show that plaintiff made any false material misrepresentations to defendant. Accordingly, none of the evidence raises any issue of fraud. Thus, no conflict existed in the evidence as to any material issue and the evidence demanded a verdict for the plaintiff. CPA § 50 (a) (Code Ann. § 81A-150 (a)). The trial judge erred in denying plaintiff's motion for directed verdict and in denying a judgment notwithstanding the verdict. See *Moore v. Southern Discount Co.*, 107 Ga. App. 868 (132 SE2d 101).

We reverse and direct the trial court to enter judgment for the plaintiff in the amount of $50,375.38 principal, plus accrued interest in the amount of $5,793.36, plus $8,425.31 attorney fees.

*Judgment reversed with direction. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 18, 1978 — DECIDED
FEBRUARY 7, 1978.

*Paul M. McLarty, Jr., James Larry McDaniel,* for appellant.

*Howard, Gilliland & Van Houten, Pierre Howard,*

*Jr., Thomas F. McNally, Jr.,* for appellee.